**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10431 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00124-JAD-EJY-3 |
| v. | |
| DAMIEN NORRIS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted December 9, 2020**
San Francisco, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Damien Norris appeals from a judgment after jury trial, in which the jury found him guilty of distribution of a controlled substance and acquitted him of conspiracy to distribute a controlled substance. During trial, the government called witness Kary Watson to the stand, granted him immunity, and asked him to testify despite knowing that Watson would attempt to invoke the Fifth Amendment. Watson then repeatedly attempted to invoke the Fifth Amendment and refused to testify in front of the jury, even after the district court informed him multiple times that, once granted immunity, he had no Fifth Amendment privilege to assert. Norris argues that the district court erred when it allowed the government to call a witness "for the sole purpose of displaying to the jury his invocation of his Fifth Amendment right to remain silent." We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Though Norris argues that the jury was not entitled to hear Watson invoke the Fifth Amendment, Norris did not address whether the invocation was valid. It was not. Where a witness is granted sufficient immunity by the government, the witness may not refuse to testify on the basis of the Fifth Amendment. *See, e.g.*, *Kastigar v. United States*, 406 U.S. 441, 448 (1972) (declining to reconsider decisions upholding the constitutionality of immunity statutes); *Ullmann v. United States*, 350 U.S. 422, 438–39 (1956) (explaining that the danger "to a witness forced to give testimony leading to the infliction of penalties affixed to the

2

criminal acts" is displaced by immunity, and "[o]nce the reason for a privilege ceases, the privilege ceases.") (internal quotation marks omitted).

Here, Watson was given immunity and thus did not have a Fifth Amendment privilege to invoke. During trial, the district court instructed Watson three times in front of the jury that he could no longer assert the privilege because he had been given immunity by the government. The danger of a witness's invocation of the Fifth Amendment having a disproportionate impact on the jury's deliberations is not high where, as in this case, the district court explained that there was no privilege to invoke.

Even if this were not true, we would not reverse. Where evidentiary rulings are objected to at the district court, they are reviewed under the abuse of discretion standard. *United States v. Orm Hieng*, 679 F.3d 1131, 1135 (9th Cir. 2012). Nonconsitutional evidentiary rulings are reversed only where they "more likely than not affected the verdict." *United States v. Reyes*, 660 F.3d 454, 463 (9th Cir. 2011) (quoting *United States v. Tran*, 568 F.3d 1156, 1162 (9th Cir. 2009)); *see also Barnett v. Norman*, 782 F.3d 417, 421–22 (9th Cir. 2015) ("Evidentiary error will not result in reversal absent prejudice."). Norris argues that the prejudice to his case "cannot be overstated." In light of the acquittal on the conspiracy count, we disagree. The jury heard Watson refuse to testify, as well as wire-tapped phone conversations between Watson and Norris. The jury nonetheless acquitted Norris

3

of conspiracy, thus minimizing any potential prejudice arising out of Watson's efforts to assert his Fifth Amendment rights. The substantive distribution count, of which the jury found Norris guilty, was supported by overwhelming evidence, including airplane surveillance of, and a different witness's testimony about, a separate controlled buy. Because Norris's conviction on the distribution count did not depend on Watson, we find no prejudice.

**AFFIRMED.**